

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11. TEXAS**

GERALD C. MANN
~~XXXXXXXXXXXXX~~
ATTORNEY GENERAL

Honorable Fred T. Porter
County Attorney
Kaufman County
Kaufman, Texas

Dear Sir:

Opinion Number O-883
Re: Maximum tax rate under charter
of City of Terrell; authority to
pledge net profits of municipal
light plant, together with ad
valorem taxes to service general
obligation bonds of the city;
authority under the city charter to
levy a tax other than that provided
for in Sections 17, 18, 21, and 22,
for the payment of street improve-
ment bonds.

We have your letters of May 25th and June 13th, in
which you request our opinion on the following questions:

1. Under the present city charter of Terrell is the
maximum tax rate that can be levied by the city for all pur-
poses $2.25 or $2.65 on the $100 valuation?

2. Can the City of Terrell add the net profit of the
municipal light plant to the maximum amount possible to derive
from taxation in determining the amount of general obligation
bonds the city may legally issue?

3. Can street improvement bonds be paid and serviced
by a tax levy other than that provided for in Sections 17, 18,
21 and 22 of Article 29 of the charter?

In reply to your first question, we must first state
that in view of the inhibitions of Article 11, Section 5 of the

Constitution, and Article 1165 of the Revised Civil Statites. the legal tax limit can not be in excess of $2.50 on the $100 valuation, notwithstanding any provisions of Terrell's charter. It appears from the charter provisions outlined in your letter that the electors intended that the total tax rate for any and all purposes for any one year should never exceed $2.25 on the $100 valuation, except that an additional tax could be levied for the building of sidewalks. By the language of the provisions, it is evident that a maximum tax levy of 25¢ on the $100 valuation could be levied for the building of sidewalks. We arrive at this figure by subtracting the total amount authorized to be levied ($2.25), exclusive of sidewalk building tax, from the $2.50 maximum allowed by law to be levied.

By another provision of the charter, as set forth in your letter, the City Commission is charged with the duty of annually levying and collecting a tax of 35¢ on the $100 valuation, theretofore authorized by the electors, for the support and maintenance of the public free schools. It further provides that when authorized by a majority vote of the qualified taxpaying voters, an additional tax for school purposes shall be levied and collected, however, said additional tax to be restricted to the maximum limit provided in the general laws of the State of Texas. This provision is followed by another which reads as follows: "Provided, however, said additional tax to be restricted to be levied shall not exceed $2.25 on the $100 valuation of all taxable property in the city for any one year, exclusive of the t a x levied for the building of sidewalks, and inclusive of all taxes levied for bond issues." This, we think, clearly limits the maximum tax that may be levied for any and all purposes exclusive of that which may be levied for the building of sidewalks.

We do not think that the case of the City of Fort Worth v. Cureton, 222 S. W., 531, is in point with the contention mentioned in your letter. Terrell has assumed full control of its schools, the boundaries being coextensive with those of the city, and that the City Commission has the authority to levy and collect taxes for the support and maintenance of the schools. We, therefore, think that under the wording of the charter, any tax levied for school purposes would operate to reduce the amount that may be levied for all other purposes, exclusive of the tax authorized to be levied for the building of sidewalks. In our opinion, the

total now available for other purposes, exclusive of sidewalks, is $1.50 on the $100 valuation, for the reason that the charter sets $2.25 as the limit for all purposes, exclusive of side-walks, and that 75¢ has been authorized for school purposes, leaving a balance of $1.50 available for other purposes, subject to restrictions elsewhere in the charter.

Your second question can be answered in the language of Judge Critz, speaking for the Supreme Court in the case of the City of Houston vs. McCraw, 113 S. W. (2nd) 1512 -- "As already shown, the maximum and valorem taxing limit of the city is $2.00/ All bonded indebtedness must be serviced out of ad valorem taxes, and such taxes must be levied to that extent. The charter of this city does not set aside any particular part of the ad valorem taxes authorized to be levied for bond purposes alone, and neither does it set aside any particular part thereof for other purposes. It must follow that the law requires that a sufficient part of the ad valorem taxes must first be allocated to servicing out-standing bonds or other indebtednesses. Any balance may be levied and used for general operating expenses. Of course, when a city becomes insolvent in the sense that it does not have sufficient revenues to continue to operate at the same time charged to indebtednesses, the operating expenses becomes a first charges on its ad valorem tax revenues, unless such taxes are by express law authorized to be levied for indebtedness or other purposes only."

We interpret the holding in this case to mean that in determining the maximum amount of general obligation bonds that may be issued by a city, sources of revenue other than that obtained by reason of the levy of ad valorem taxes must be considered only when the city's debt creating power has been reached and apparently absorbed all of the ad valorem taxes, leaving an insufficient amount with which to pay operating expenses of the city. You are, therefore, advised that in our opinion, sources of revenue other than that obtained through the levy of ad valorem taxes can not be considered in determining the amount of general obligation bonds that may be issued by the city.

In answer to your third question, we advise that in our opinion the City of Terrell may authorize the issuance of bonds for street improvements and levy a tax in payment thereof from

any other source not otherwise restricted. Sections 17 to 22 of Article 29 of the charter provide certain taxes and certain tax limitations for the permanent improvement, repair and upkeep of the streets and bridges of the said City of Terrell, Article 22 being an amendment which clearly authorizes the City Commission to use the funds provided in Section 19 for the payment of principal and interest of bonds of the city voted and issued for street improvement purposes. We interpret this amendment to authorize the City Commission to appropriate such money as may be needed to pay the principal and interest on bonds issued for street improvement purposes, and can not construe from the language of said amendment that any restriction was intended to be imposed upon the Commission.

We think, however, that the total amount which may be levied for street and bridge purposes is limited by the language of Section 18, which, in part, provides -- "That the amount levied for street and bridge purposes, as herein set forth, together with the amount levied for general purposes, shall never exceed in any one year the sum of 75¢ on the $100 valuation."

Trusting that the above answers your questions, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By        Clarence E. Crowe
                    Assistant

CES-s/paw

APPROVED JUL 21, 1939
W. F. Moore
FIRST ASSISTANT ATTORNEY GENERAL

Approved Opinion Committee
By T.D.R., Chairman